FILED

Jan 6  10 22 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------x
BRIAN CLARK,                     :   CIVIL ACTION NO.
    Plaintiff,               :   3:02 CV 2278 (MRK)
                                 :
v.                               :
                                 :
VERMONT PURE HOLDINGS, LTD., ET AL. :
    Defendants.              :
---------------------------------x   JANUARY 2, 2004

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE CERTAIN DOCUMENTS ATTACHED TO DEFENDANTS' MOTION TO DISMISS

Plaintiff submits this memorandum of law in support of his Motion to Strike certain documents attached to defendants' Motion to Dismiss dated October 9, 2003 as Exhibits C and D because they are not properly considered in determining the sufficiency of plaintiff's claims in this case under F.R.C.P. §12(b)(6). The documents are not "attached to the complaint as an exhibit or incorporated in it by reference" and were not in plaintiff's "possession" or "relied on" by plaintiff "in bringing the suit."

Defendants attach several documents to their memorandum of law for consideration in connection with their Motion to Dismiss including plaintiff's Amended Complaint and several documents referenced therein: 1) an April 1985 long term disability plan announcement [see Amended Complaint at ¶15], 2) an August 2, 2002 letter from counsel for plaintiff to defendant Vermont Pure's President, Peter Baker [see id. at ¶51], and 3) a September 6, 2002 letter from plaintiff's counsel to counsel for defendants [see id. at ¶53]. Defendants also attach two documents with effective dates of September 1, 1991 as Exhibits C and D to their memorandum

and identify them as the "LTD Plan" documents referenced in plaintiff's Amended Complaint –

1) a document that appears to be a Paul Revere Life Insurance Company long term disability policy with Crystal Rock covering the "Officers and Controller" and "All Other Employees" and 2) a document that appears to be a Benefit Summary for the "Officers and Controller" only.

Pursuant to F.R.C.P. §12(f), "the court may order stricken from any pleading . . . any immaterial, [or] impertinent . . . matter." It is well-established that

> [w]hen determining the sufficiency of plaintiff's claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiff's amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in [plaintiff's] possession or of which plaintiff[] had knowledge and relied on in bringing the suit.

Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citing Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992)).

Plaintiff moves to strike Exhibits C and D attached to defendants' memorandum because, as stated above, contrary to defendants' representation, they are not the "LTD Plan" referenced in the Amended Complaint and, furthermore, were not in plaintiff's "possession" or "relied on" by plaintiff "in bringing the suit." The *only* document referenced in plaintiff's complaint relating to the plan is the April 1985 plan announcement. See Amended Complaint generally. Exhibits C and D were *not even in effect* at the time the Plan was adopted in 1985. See Def.Mem., Ex. C at JL0012; Ex. D at JL 0055. Under these circumstances, the documents do not constitute the Plan. See Feifer v. Prudential Life Insurance Company of America, 306 F.3d 1202, 1208-10 (2d Cir. 2002) (treating program summary distributed to employees as the "plan" under ERISA because it

2

was the only written document that *existed* describing the employee benefits at the time). Furthermore, Exhibit D, the Benefit Summary, on its face does not apply to plaintiff who was not an Officer or Controller of the company. See Ex. D at JL0055-56.[1]

Plaintiff notes, furthermore, that, contrary to defendants' claim in their memorandum, the Paul Revere policy does *not* provide that Crystal Rock had the right to terminate the LTD Plan covering its employees at any time. Rather, the 1991 policy appears to be a contract of insurance between Paul Revere Life Insurance Company and Crystal Rock that provides only that Crystal Rock may cancel the contract with Paul Revere at any time. See Ex. C at JL0048. The policy does not provide that Crystal Rock may cancel the LTD Plan for its employees at any time.

For all the foregoing reasons, plaintiff's Motion to Strike should be granted.

THE PLAINTIFF, BRIAN CLARK

By: _____
KATHRYN EMMETT
Federal Bar No. CT05605
CHRISTINE CAULFIELD
Federal Bar No. ct19115
EMMETT & GLANDER
45 Franklin Street
Stamford, CT 06901
(203) 324-7744

---

[1] Despite the fact that plaintiff requested the LTD Plan documents while he was still employed by defendants and brought a claim for penalties to be imposed under ERISA in this action for failure to provide the Plan documents, defendants have never provided plaintiff with the Plan documents in response to his request. The logical implication is that defendants do not have copies of the Plan documents and/or no such documents exist.

3

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 2nd day of January, 2004, to:

Daniel Green, Esq.
Robert Ray Perry, Esq.
Jackson Lewis LLP
177 Broad Street, 8th Floor, P.O. Box 251
Stamford, CT 06904-0251

*[signature]*
Kathryn Emmett

4