UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN CLARK,<br><br>    Plaintiff,<br><br>-against-<br><br>VERMONT PURE HOLDINGS, LTD., CRYSTAL ROCK SPRING WATER COMPANY, CRYSTAL ROCK LONG TERM DISABILITY PLAN, and CRYSTAL ROCK SEVERANCE PLAN<br><br>    Defendants. | Civ. No: 3:02CV2278 (MRK)<br><br><br><br>JANUARY 23, 2004 |

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

This memorandum is submitted in opposition to Plaintiff Brian Clark's ("Plaintiff") Motion to Strike exhibits C and D, which are attached to the Memorandum Of Law In Support Of Defendants' Motion To Dismiss Complaint ("Defendants Memorandum") filed by Defendants Vermont Pure Holdings, LTD, Crystal Rock Spring Water Company, Crystal Rock Long Term Disability Plan and Crystal Rock Severance Plan ("Defendants"). For the reasons discussed below, the Motion to Strike should be denied.

**1.   Plaintiff Cites No Authority To Support His Motion to Strike**

Plaintiff has not cited a single case which supports the proposition that Exhibits C and D should be stricken from Defendants' Memorandum. In relevant part, Fed. R. Civ. P. 12(f) states that "Upon motion ... the court may order stricken from any pleading any insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added).

Plaintiff cites generic language from Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1983) on page 2 of his memorandum, but the Brass decision did not involve a motion to strike documents attached to a memorandum, and provides no support for Plaintiff's motion.

Plaintiff also cites Cortec Industries, Inc. v Sum Holding, L.P. 949 F.2d 42 (2d Cir. 1991). The Cortec decision supports Defendants' claim that the exhibits should not be stricken: the Court held that the District Court was entitled to consider documents submitted by the Defendant Westinghouse in ruling on its motion to dismiss. Id. at 46-48.

In ruling on a motion to dismiss, the "the court may take into account a wide range of material." Ferber v Travelers Corp., 802 F. Supp. 698, 702 (D. Conn. 1992). In the Ferber decision, Judge Nevas cites the following Second Circuit decisions supporting a broad view of what documents a court may consider in ruling on a motion to dismiss: I. Meyer Pincus and Assoc., P.C. v. Oppenheimer & Co., Inc., 936 F.2d 759, 762 (2d Cir.1991) (court may consider a prospectus upon which the plaintiff solely relies and is integral to the complaint, if the plaintiff neither attaches the prospectus to the complaint nor incorporates the prospectus by reference); Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) (district court in securities fraud action may review public disclosure documents required by law to be filed with the S.E.C., especially where plaintiff has been put on notice of the documents).

At the bottom of page 2 of his memorandum, the Plaintiff cites Feifer v. Prudential Life Insurance Company of America, 306 F.3d 1202 (2d Cir. 2002). The Feifer decision cites Grimo v. Blue Cross/Blue Shield of Vt., 34 F.3d 148 (2d Cir. 1994) in which the

Page 2

Court stated that a plan under ERISA is established "if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits." Id. at 151. The plaintiff will not be able to establish the existence of a plan in this case based on the April 1985 plan announcement alone, and will inevitably have to rely, at least in part on the policy itself. As such, based on the authorities discussed above, Exhibits C and D are properly considered.

Plaintiff seeks various forms of relief relating to a long term disability policy. There certainly is no harm in the Court's reviewing the Exhibits C and D in ruling on Defendants' Motion to Dismiss.[1]

### 2. Plaintiff Has Referenced The Documents He Moves To Strike

On page 10 of his Memorandum In Opposition to Defendants' Motion to Dismiss ("Plaintiff's Memorandum") Plaintiff refers to conversion rights he claims he might have been entitled to under the Plan, making reference to "documents attached to defendants' Motion to Dismiss" (n.7, P.10, Plaintiff's Memorandum). Plaintiff's Motion to Strike the exhibits should be denied based on the authorities discussed above, and particularly to the extent that Plaintiff's argument in opposition to Defendants' Motion to Dismiss relies, in part on language contained in documents that Plaintiff seeks to have stricken.

---

[1] For present purposes, the exhibits are only relevant in two respects: (1) They contain the definition of disability. There is no claim by the Plaintiff in this case that he has ever been disabled within the meaning of the Plan. (2) They contain language as to the Defendants right to terminate the Plan. Despite the Plaintiff's contention on page 3 of his memorandum that "the Paul Revere policy does not provide that Crystal Rock had the right to terminate the LTD plan", Exhibit C, section 7 p. JL 0048 specifically states the " (T)he policyholder may cancel the entire contract...at any time."

RESPECTFULLY SUBMITTED.

THE DEFENDANTS

By _____
Daniel Green
Attorney (CT 08746)
**JACKSON LEWIS LLP**
177 Broad Street
P.O. Box 251
Stamford, CT 06904-0251
Phone: (203) 961-0404
Facsimile: (203) 324-4704
Email: greend@jacksonlewis.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been hand-delivered, this 23rd day of January, 2004 to:

Kathryn Emmett, Esq.
Emmett & Glander
45 Franklin Street
Stamford, CT 06901

_____
Daniel Green