## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN CLARK,<br><br>           Plaintiff,<br><br>   -against-<br><br>VERMONT PURE HOLDINGS, LTD.,<br>CRYSTAL ROCK SPRING WATER<br>COMPANY, CRYSTAL ROCK LONG<br>TERM DISABILITY PLAN, and<br>CRYSTAL ROCK SEVERANCE PLAN<br><br>         Defendants. | Civ. No: 3:02CV2278 (MRK)<br><br><br><br>January 23, 2004 |

## REPLY BRIEF IN SUPPORT OF DEFANDANTS' MOTION TO DISMISS

**I.**        **PRELIMINARY STATEMENT**

Defendants Vermont Pure Holdings, Ltd., Crystal Rock Spring Water Company, Crystal Rock Long Term Disability Plan, and Crystal Rock Severance Plan (collectively, "Defendants") submit this memorandum of law in reply to Plaintiff's Memorandum In Opposition To Defendants' Motion To Dismiss ("Plaintiff's Memorandum") and in further support of Defendants' Motion to Dismiss.

Reference is made to the arguments contained in Defendants' Memorandum Of Law In Support Of Defendants' Motion To Dismiss ("Defendants Memorandum.") Those arguments are adopted, without being repeated here.

The authorities cited in Plaintiff's Memorandum are distinguishable, on their facts, from the instant case. Defendants' Motion to Dismiss should be granted.

## II.    STATEMENT OF FACTS

It is important to state the factual context in which this case arises.

In April of 1985, The Crystal Rock Water Company announced, in its company newspaper, that a new long term disability ("LTD") policy had been established for employees at Crystal Rock. (Amended Complaint, ¶ 15.)   A copy of the announcement is attached to Defendants' Memorandum as exhibit B.  In December of 1999, Plaintiff was diagnosed with Parkinson's disease.  (Amended Complaint, ¶ 18.)  In May of 2000, Crystal Rock announced that it would merge with Vermont Pure. (Amended Complaint, ¶ 21.)  In July of 2000, Plaintiff learned that Crystal Rock's LTD Plan had been terminated. (Amended Complaint, ¶ 24.) Plaintiff continued to work for Crystal Rock, while fully aware of the termination of the LTD Plan until the end of September, 2002. (Amended Complaint, ¶ 58.)  Prior to the termination of his employment, Plaintiff engaged in discussions with Defendants about a retirement package. (Amended Complaint, ¶¶ 39, 47, 48.)  Plaintiff did not feel that Defendants' retirement package offer was fair, and he rejected the offer.   (Amended Complaint, ¶ 50.)  Subsequent to the termination of his employment, Plaintiff charged Defendants with having engaged in discriminatory practices, and having violated ERISA.  Plaintiff's combined claims are now contained in the Amended Complaint.

Defendants have moved to dismiss Plaintiff's first six claims for relief, which are ERISA claims relating to the termination of the LTD plan, and the non-payment of severance benefits alleged to be due to Plaintiff.

Page 2

**III.    ARGUMENT**

> **A.    Plaintiff's Claims of Breach of Fiduciary Duty Should Be Dismissed**
>
> > **1.    ERISA Does Not Authorize The Relief Plaintiff Seeks**

Plaintiff's claim that he seeks only equitable relief (Plaintiff's Memorandum p. 9 - 11) is unfounded.  Defendants' LTD Plan was terminated at least three and a half years ago. (Amended Complaint, ¶ 24.)  The insurance carrier is not a party to this action.  Plaintiff is claiming damages, compensatory damages, reinstatement of the LTD Plan, restitution, payment of benefits due, with interest, under the Severance Plan, pre- and post-judgment interest on monetary awards, and punitive damages. (Amended Complaint, Prayer for Relief.)

Defendants are not insurance carriers, and they have no ability to reinstate coverage for the plaintiff, who suffers from Parkinson's disease, and who is no longer an employee.  As a practical matter, any order requiring Defendants to provide Plaintiff with LTD coverage will mandate that Defendants attempt to purchase coverage for Plaintiff, at their own expense.  This would constitute an award of monetary damages, which is not available under the "appropriate equitable relief" provisions of 29 U.S.C. § 1132(a)(3).  Great West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204 (2002); (See also, other authorities cited on p. 7 – 11 of Defendants' Memorandum.)

Plaintiff is not entitled to restitution under 29 U.S.C. § 1132(a)(3).  Relief based on equitable restitution is limited to the imposition of a constructive trust or equitable lien on particular property. DePace v. Matsushita Electric Corporation of America, 257 F.2d 543, 561 (E.D.N.Y. 2003).  Punitive damages are not available in actions under 29 U.S.C. § 1132(a)(3), and the punitive damages claim should be stricken from the Amended Complaint.  Mertens v. Hewitt Associates, 508 U.S. 248, 255-58 (1993).

Page 3

## 2.    Plaintiff Had No Vested Right To LTD Benefits

ERISA provides for two distinct species of benefit plans: "employee pension benefit plans" and "employee welfare benefit plans." *Compare* 29 U.S.C. § 1002(2)(a) *with* § 1002(1). The statute imposes vesting requirements with regard to pension benefit plans, but not with regard to welfare benefit plans. Inter-modal Rail Employees Association et al. v. Atchison, Topica and Santa Fe Railway Company et al., 520 U.S. 510, 511 (1997); Adams v. Avondale Industries, Inc., 905 F.2d 943, 947 (6th Cir. 1990). The LTD plan in question was an employee welfare benefit plan, and thus was not subject to ERISA's vesting requirements. Feifer v. Prudential Insurance Company of America, 306 F.3d 1202, 1209 (2d Cir. 2002). Defendants were free, under ERISA, for any reason at any time, to modify or terminate their LTD welfare plan. Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 78 (1995); Joyce v. Curtiss-Wright Corp., 171 F.3d 130, 133 (2d Cir. 1999); Adams v. Avondale Industries, Inc., 905 F.2d 943, 947 (6th Cir. 1990).

Many of the cases cited on pages 11-17 of Plaintiff's Memorandum are factually distinguishable from this case, in that they involved situations where the plan documents included language which could be reasonably interpreted as promising vested rights. See, e.g., Abbruscato v. Empire Blue Cross and Blue Shield, 274 F.3d 90 (2d Cir. 2001) (promise of lifetime coverage); Devlin v. Empire Blue Cross and Blue Shield, 274 F.3d 76 (2d Cir. 2001) (promise that retired employees, after completing a certain number of years of service and reaching a certain age, would be insured, together with promise that life insurance benefits would remain in effect for the remainder of employee's lives); In Re Unisys Corp.[1] 57 F.3d 1255 (plan

---

[1] Plaintiff's Memorandum cites the In Re Unisys Corp. decision appearing at 57 F.3d 1255, but fails to cite another decision in which the Court held that where plan documents relating to an employee welfare benefit plan mention

Page 4

documents mentioned lifetime benefits and retirees had been misinformed that their benefits would continue for life.)

Abbruscato, Devlin and In Re Unisys Corp. provide no support for Plaintiff in this matter because Defendants made no promises that the LTD plan would remain in effect. The 1985 announcement that Plaintiff relies upon as establishing the plan (Defendants' Memorandum, Exhibit B) contains no language whatsoever about how long the Plan would remain in effect.[2] The 1985 Plan announcement describes benefits that would be available to Crystal Rock employees, but it contains no language that could be reasonably interpreted as a promise to maintain the plan in effect for any particular period of time. As such, Defendants had the right to terminate the Plan.

### 3.    Defendants Breached No Fiduciary Duty

Beginning on page 8 Plaintiff's Memorandum, Plaintiff argues that Defendants breached their fiduciary duty to him under ERISA. Plaintiff's claims for breach of fiduciary duty are based on Defendants' alleged failure to notify Plaintiff of their right to terminate the LTD plan, on Defendants alleged failure to notify Plaintiff that the Plan was actually terminated, and on alleged deficiencies in the plan documents. There is no allegation that Plaintiff ever made inquiry about LTD benefits, and there is no allegation that Defendants ever misinformed Plaintiff in any respect. The authorities cited by Plaintiff involve misrepresentations by the fiduciary, or the fiduciary's failure to speak under circumstances where it was held the fiduciary had a duty to

---

lifetime benefits, but also contained a reservation by the employer of the right to amend or terminate the plan, no vested rights to lifetime benefits was created. In Re Unisys Corp., 58 F.3d 896, 903 (3d Cir. 1995).

[2] The Plaintiff has moved to strike Exhibit C attached to Defendants' Memorandum which is a copy of the LTD policy in question. That document contains the following language: "{T}he policy holder may cancel the entire contract or may cancel certain participating employers and their employees at any time." (Defendants' Memorandum, Exhibit C, page JL 0048.) This language authorizing termination, combined with the lack of any language Plaintiff can cite, wherein Defendants promised to maintain the LTD policy in effect for any period of time, compels the conclusion that Defendants had the right to terminate the LTD plan.

Page 5

speak. See e.g. <u>Varity Corp. v. Howe</u>, 516 U.S. 489 (1996) (employer, through trickery, had led employees to withdraw from one benefit plan, and enter another benefit plan maintained on behalf of a company which went into receivership, resulting in the loss of employee's benefits); <u>Abbruscato v. Empire Blue Cross and Blue Shield</u>, 274 F.3d 90 (2d Cir. 2001) (employer's documents and correspondence led employees to believe they had lifetime benefits); <u>Becker v. Eastman Kodak Company</u>, 120 F.3d 5 (2d Cir. 1997) (employer's representative provided inaccurate information in response to employee's request); <u>Eddy v. Colonial Life Insurance Company of America</u>, 919 F.2d 747 (D.C. Cir. 1990) (employee given misinformation as to his right to convert his group health insurance policy); <u>Bixler v. Central Pennsylvania Teamster's Health-Wealfare</u>, 12 F.3d 1292 (3d Cir. 1993) (allegations that employer and representatives of the welfare benefit plan engaged in repeated misrepresentations that prevented plaintiff from electing to continue family's medical coverage); <u>Iwans v. Aetna Life Insurance Corp.</u>, 855 F. Supp. 579 (D. Conn. 1994) (defendant had obligation to furnish accurate information once it learned that employee had been misinformed by employer as to conversion rights.)

Plaintiff is unable to cite a single case in which a claim for breach of fiduciary duty under 29 U.S.C. § 1102(b)(3) was based on mere alleged inadequacy of plan documents, or the failure to announce the termination of a plan. Plaintiff makes no allegations that Defendants engaged in active concealment.[3] Plaintiff's allegations are insufficient to support a claim of breach of fiduciary duty under 29 U.S.C. § 1102(b)(3).

---

[3] Plaintiff alleges that in connection with the Crystal Rock-Vermont Pure merger, Defendants elected not to announce that the LTD Plan had been terminated, so that employees would not leave the Company. (Amended Complaint, ¶ 26). Accepting this allegation as true, for purposes of this motion only, it must still be kept in mind that the alleged non-disclosure took place after Plaintiff had been diagnosed with Parkinson's disease. Thus, the alleged conduct of Defendants caused Plaintiff no harm.

Page 6

This case is similar to <u>Watson v. Deaconess Waltham Hospital</u>, 298 F.3d 102 (1st Cir. 2002). Like Watson, this is not a case in which misrepresentations were made to Plaintiff, and it is not a case in which Plaintiff requested the LTD information, and the response was inadequate or misleading. The cases cited by Plaintiff all involve such misrepresentations, or the providing of inaccurate information by a fiduciary, and do not support Plaintiff's position.

On page 11 of Plaintiff's Memorandum, Plaintiff refers to a fiduciary's duties, under 29 U.S.C. § 1104(a) to act in the interests of beneficiaries, and with care, skill, and prudence. Those statutory duties should be balanced against an employer's interests. Welfare benefits are unvested, and an employer is permitted to act in a dual capacity as both the manager of its business, and as a fiduciary, with respect to un-accrued benefits. <u>Adams v. Avondale Industries, Inc.</u>, 905 F.2d 943, 947 (6th Cir. 1990). Adams goes further, and states that when an employer terminates a welfare benefits plan, the employer is not acting in a fiduciary capacity. <u>Adams</u>, 905 F.2d 943, 949.

Finally, at the bottom of page 10 of Plaintiff's Memorandum, Plaintiff makes an argument regarding conversion rights. There is no allegation in the Amended Complaint regarding conversion rights, and there is no document before the Court which suggests that conversion rights exist with reference to the policy in question. There is also no allegation of any misrepresentation made, or misinformation given by Defendants.

For all of the above reasons, Plaintiff's claims of breach of fiduciary duty should be dismissed.

**B.     Plaintiff's Estoppel Claims Should Be Dismissed**

Beginning on page 22 of Plaintiff's Memorandum, Plaintiff argues that Defendants are estopped from denying him benefits under the LTD plan. Plaintiff's claims

should be rejected. A plaintiff must satisfy four elements to succeed on a claim of promissory estoppel: (1) a promise, (2) reliance on the promise, (3) injury caused by the reliance, and (4) an injustice if the promise is not enforced. Schonholz v. Long Island Jewish Medical Center, 87 F.3d 72,79. Additionally, an ERISA plaintiff must allege facts sufficient to satisfy an extraordinary circumstances requirement. Devlin v. Empire Blue Cross and Blue Shield, 274 F.3d 76, 85 (2d Cir. 2001).

To establish an equitable estoppel claim, a Plaintiff must allege and prove (1) a material misrepresentation, (2) reliance, (3) damage and (4) extraordinary circumstances. Berg v. Empire Blue Cross and Blue Shield , 105 F.Supp.2d 121, 129 (E.D.N.Y. 2000).

Plaintiff's allegations are insufficient to state a claim under either estoppel theory. Note the lacking elements:

No Promise: As discussed above, there is no allegation in Plaintiff's Complaint, and no indication in anything before the Court, that Defendants promised that the LTD Plan would remain in effect for any period of time.

No Causation: If, as alleged, Defendants concealed the termination of the LTD Plan, in order to maintain its relationship with employees, this action was taken after Plaintiff had been diagnosed with Parkinson's disease. Had Defendants notified Plaintiff that the Plan was being terminated, he would be no better off than he is at present.

No Extraordinary Circumstances: Simple injustice is one of the four basic elements of a promissory estoppel claim, and will not suffice to meet the additional requirement of extraordinary circumstances. Devlin v. Empire Blue Cross and Blue Shield, 274 F.3d 76, 86. It is clear that the requirement of extraordinary circumstances is not satisfied unless the surrounding circumstances are indeed beyond the ordinary. Aramony v. United Way

Page 8

Replacement Benefit Plan, 191 F.3d 140, 152; Devlin v. Transportation Communications International Union, 173 F.3d 94, 102 (2d Cir. 1999) (stating that "extraordinary circumstances" requires a "remarkable consideration" such as the use of a promise of benefits to intentionally induce behavior on an employee's part); Berg v. Empire Blue Cross and Blue Shield, 105 F. Supp. 121, 130 (an employee's decision not to buy additional insurance benefits, based on his belief that his employer's plan provided certain benefits, did not meet the extraordinary circumstances requirement.)

For all of these reasons, Plaintiff's estoppel claims should be dismissed.

## C. Plaintiff's Second Claim For Relief, Based On Technical Violation Of Erisa Should Be Dismissed.

In his second claim for relief, addressed beginning on page 20 of Plaintiff's Memorandum, Plaintiff alleges numerous technical violations of ERISA. In the absence of extraordinary circumstances involving bad faith or active concealment, substantive remedies are not awarded for technical ERISA violations. See, e.g., Levandowski v. Occidental Chemical Corp., 986 F.2d 1006, 1009-1010 (6th Cir. 1993); Kreutzer v. A.O. Smith Corp., 951 F.2d 739, 743 (7th Cir. 1991); Ackerman v. Warnaco, Inc., 55 F.3d 117 (3d Cir. 1995) (employee's claim that rescission of benefit plan should be voided based on employer's having failed to give notice of termination of the benefits specifically rejected, insofar as it relied on ERISA's procedural requirements); Lettrich v. J.C. Penny Company, Inc., 213 F.3d 765, 770-772 (3d Cir. 2000). As stated previously, Defendants made no promise which Plaintiff relied on. Plaintiff's failure to purchase additional LTD insurance will not satisfy the extraordinary circumstances requirement. Berg v. Empire Blue Cross and Blue Shield, 105 F. Supp. 121, 130. Lettrich also negates any claim by Plaintiff that an inference of bad faith or active concealment may arise simply from a failure to comply with ERISA's reporting and disclosure requirements. Lettrich v. J.C. Penny

Page 9

Company, Inc., 213 F.3d 765, 770-772. Any alleged concealment occurred after the Plaintiff's diagnosis. Plaintiff's second claim for relief should be dismissed.

**D.    Plaintiff's Fourth Claim For Relief, Alleging Wrongful Termination Should Be Dismissed**

Beginning on page 27 of Plaintiff's Memorandum, Plaintiff argues that Defendants terminated his employment in violation of 29 U.S.C. § 1140 in order to avoid providing him with the LTD coverage to which he was entitled, and/or to interfere with, or defeat his claim for reinstatement of the Plan. This argument should be rejected for obvious reasons: Defendants LTD Plan was terminated over two years before Plaintiff's employment ended. Plaintiff fails to cite a single case in which a claim under 29 U.S.C. § 1140 was sustained in circumstances where the underlying plan had been terminated. Further, even if Defendants had not terminated Plaintiff's employment, this, in and of itself, would not have reinstated Plaintiff's LTD coverage. Plaintiff's claim under 29 U.S.C. § 1140 should be dismissed.

**E.    Plaintiff's Claim Under 29 U.S.C. § 1132(c)(1) Based On Defendants Refusal To Provide Plaintiff With Requested Documents Should Be Dismissed**

In his sixth claim for relief, Plaintiff claims that a penalty of up to $100 per day should be imposed against Defendants based on Defendants having refused to provide information about the Plan to Plaintiff. Once again, Plaintiff cannot cite a single case where such relief has been awarded to a terminated employee, in connection with a terminated benefit plan. 29 U.S.C. § 1132(c)(1) is designed to allow employees to make informed choices about their insurance arrangements. It is not designed to protect litigants such as Plaintiff. Sampson v. Rubin, et al., 2002 WL 31432701 (D. Mass. 2002) (employee's claim under 29 U.S.C. § 1132(c)(1) rejected where employee knew that LTD policy under which he had been insured was no longer in force, and where Court concluded that information sought was simply to aid employee in commencing lawsuit.) Plaintiff's sixth claim for relief should be dismissed.

Page 10

## IV.  CONCLUSION

Based on the arguments in Defendants' Memorandum, and the authorities discussed in this Reply Memorandum, Defendants motion to Dismiss should be granted.

RESPECTFULLY SUBMITTED.

THE DEFENDANTS

By _____

Daniel Green
Attorney (CT 08746)
**JACKSON LEWIS LLP**
177 Broad Street
P.O. Box 251
Stamford, CT 06904-0251
Phone:  (203) 961-0404
Facsimile:  (203) 324-4704
Email: greend@jacksonlewis.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been hand-delivered, this 23rd day of January, 2004 to:

Kathryn Emmett, Esq.
Emmett & Glander
45 Franklin Street
Stamford, CT 06901

_____

Daniel Green

Page 11