FILED

FEB 9  3 37 PM '04

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------x
BRIAN CLARK,                           :   CIVIL ACTION NO.
    Plaintiff,                         :   3:02 CV 2278 (MRK)
                                       :
v.                                     :
                                       :
VERMONT PURE HOLDINGS, LTD., ET AL.    :
    Defendants.                        :
                                       :
---------------------------------------x   FEBRUARY 6, 2004

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE

Plaintiff submits this reply memorandum of law in support of his Motion to Strike Exhibits C and D attached to defendants' Motion to Dismiss dated October 9, 2003.

In their memorandum in opposition to plaintiff's motion to strike, defendants disingenuously argue that plaintiff cites no authority to support that the documents should be stricken. As stated in plaintiff's memorandum, it is well-established in the Second Circuit that, in determining the sufficiency of the allegations in plaintiff's complaint under Rule 12(b)(6), consideration is limited to: 1) "factual allegations in plaintiffs amended complaint, which are accepted as true," 2) "documents attached to the complaint as an exhibit or incorporated in it by reference," 3) "matters of which judicial notice may be taken," or 4) "documents either in [plaintiff's] possession or of which plaintiff[] had knowledge and relied on in bringing the suit." Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citing Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992)). Defendants do not claim, and cannot establish, that the documents fall into any of

these categories.

Furthermore, the additional cases cited by defendants do not provide any basis for consideration of Exhibits C and D. See I. Meyer Pincus and Assoc., P.C. v. Oppenheimer & Co., Inc., 936 F.2d 759, 762 (2d Cir. 1991) (court may properly consider prospectus where it is "integral to complaint" in that "claims pleaded [in complaint] are based *only* on an alleged written misrepresentation appearing within the prospectus") (emphasis in original); Kramer v. Time Warner, Inc., 937 F.2d 767, 773-74 (2d Cir. 1991) (holding only that, in deciding motion to dismiss, district court did not err in taking judicial notice of and considering "public disclosure documents required by law to be filed, and actually filed, with the SEC"); Ferber v. Travelers Corp., 802 F.Supp. 698, 702 (D.Conn. 1992) (court considered public filings and documents "integral to [the] plaintiff[s'] claims" only). Exhibits C and D are *not* public filings and are *not* integral to plaintiff's claims. In fact, as stated in plaintiff's memorandum, the policy-related documents were not even in effect at the time the long term disability plan upon which plaintiff's claims are based was adopted in 1985 and Exhibit D, the Benefit Summary, on its face does not apply to plaintiff who was not an Officer or Controller of the company.[1]

Thus, plaintiff's Motion to Strike should be granted.

---

[1] Defendants also argue that the documents should not be stricken because plaintiff cites to Exhibit D in his memorandum in opposition to defendants' motion to dismiss, p.10 at n.7. Plaintiff indicates in footnote 7 that he has moved to strike Exhibit D and cites to the document *only* to note that, although on its face it does not apply to plaintiff, it suggests that plaintiff may have had a conversion right under whatever LTD insurance policy the company had in effect when the Plan that covered him was terminated. Plaintiff does not adopt the document as the "Plan" referenced in his complaint, it is not integral to plaintiff's claims, and it was not relied upon by plaintiff in bringing this action.

2

THE PLAINTIFF, BRIAN CLARK

By: *[signature]*
KATHRYN EMMETT
Federal Bar No. CT05605
CHRISTINE CAULFIELD
Federal Bar No. ct19115
EMMETT & GLANDER
45 Franklin Street
Stamford, CT 06901
(203) 324-7744

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 6th day of February, 2004, to:

Daniel Green, Esq.
Robert Ray Perry, Esq.
Jackson Lewis LLP
177 Broad Street, 8th Floor, P.O. Box 251
Stamford, CT 06904-0251

*[signature]*
Kathryn Emmett

3