**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **BRIAN CLARK,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| -against- | : | **Civ. No: 3:02CV2278 (MRK)** |
| | : | |
| **VERMONT PURE HOLDINGS, LTD.,** | : | |
| **CRYSTAL ROCK SPRING WATER** | : | |
| **COMPANY, CRYSTAL ROCK LONG** | : | |
| **TERM DISABILITY PLAN, and** | : | |
| **CRYSTAL ROCK SEVERANCE PLAN,** | : | |
| | : | |
| **Defendants.** | : | **December _, 2004** |

**STIPULATED PROTECTIVE ORDER**

The information which may be disclosed in the course of discovery in the above-captioned action will include confidential commercial, business, personal or financial information, or other information which the parties, or any of them, believe should be treated and kept confidential. In order to facilitate the efficient conduct of discovery, but without waiver of any rights or claims with respect to the confidentiality of such information, or any other grounds of objection to any discovery request, the parties, by their respective attorneys, agree and stipulate as follows:

**DOCUMENTS**

1.    All documents[1] disclosed in the course of this litigation and labeled "Confidential" shall be deemed to be designated as confidential and kept confidential by any person receiving such documents. Such documents shall not be shown to, or their contents discussed with, or described to, anyone, in any way, except the following:   (a) the parties and their agents; (b) counsel appearing in the litigation, and such appearing counsel's paralegals,

---

[1] For purposes of this Stipulated Protective Order, the term "document" includes anything that is a "document" within the meaning of Federal Rule of Civil Procedure 34 (a).

clerks, and secretarial employees, as needed; and (c) experts who are assisting the receiving party's counsel in this matter or who are expected to testify at the trial of this matter excluding any person employed by Plaintiffs or Defendants. A party to this action may, by appropriate motion to the Court, request to treat any such documents or information as non-confidential. Any "Confidential" document provided to the parties and their agents shall be for the sole purpose of their reading and review and shall promptly be returned to counsel appearing in the litigation, and shall not be copied or maintained, either in whole or in part, by the parties or their agents.

2.    If a party desires to use any "Confidential" document or information in a submission filed with the Court, or as an exhibit to a pleading or brief filed with the Court, or within any exhibit in any proceeding before the Court, such party shall request that the documents at issue shall be filed under seal. If the Court denies such a request, the filing of the document shall be subject to the agreement of the parties, or, if there is no agreement, to the further order of the Court.

3.    "Confidential" information contained in any submission filed under seal with the Court shall remain under seal until further order of this Court provided, however, that such submissions may be furnished to persons or entities who may receive "Confidential" material pursuant to Paragraph 1 above. Upon or after the filing under seal in Court of any submission containing "Confidential" information, the filing party may file on the public record a duplicate copy of the paper that does not reveal "Confidential" information. Further, if the protection for any such material expires, a party may file on the public record a duplicate copy which also contains the formerly protected material.

4.    Answers to interrogatories and answers to requests for admissions shall be treated as documents disclosed by a party for purposes of this Stipulated Protective Order.

5.    At the conclusion of this litigation, all documents and other information disclosed in the course of the litigation (and all copies thereof), including any documents, transcript pages or other information designated as "Confidential" under the terms of this Agreement, shall be returned promptly to the attorney for the party that disclosed the documents, or shall be destroyed promptly by the persons having possession, custody or control of them. Each party receiving documents subject to this Order shall certify his/her compliance with all provisions hereof within ten days after the conclusion of this litigation.

### DEPOSITION AND COURT TESTIMONY AND EXHIBITS

6.    In connection with the taking of any deposition in this action:

   (a)    The party who requested the deposition shall, prior to the commencement of testimony at each deposition session, serve a copy of this Stipulated Protective order upon each officer reporting the deposition. Each such officer shall acknowledge on the deposition record service of a copy of this Order, and shall certify in writing that s/he, his/her employees, and his/her agents shall be bound by the terms of this Order. Such signed certification shall thereafter be in effect for any subsequent depositions reported by such officer.

   (b)    During the course of any deposition, counsel for any party may designate the subject matter of questions and testimony as "Confidential". Upon such designation, only the persons identified in paragraphs 1 of this Agreement shall remain in attendance. Only when testimony concerning any matter designated

"Confidential" is concluded, may those excluded from the deposition pursuant to the provisions of this paragraph re-enter the deposition room.

(c)    During the course of any deposition, counsel for any party may designate any document produced at such deposition, or marked as an exhibit at such deposition, as "Confidential" within the meaning of, and subject to the procedures of, this Stipulated Protective Order.

(d)    The original transcript of any deposition or any portion of a transcript which any party has designated as "Confidential" shall be sealed in an envelope by the officer reporting such deposition, and shall remain sealed until further Order of the Court.  The officer or officers reporting and transcribing the deposition shall mark the envelope in which the "Confidential" excerpts of the deposition transcript are filed as follows:

> THIS ENVELOPE CONTAINS TRANSCRIPT PAGES OF THE DEPOSITION TESTIMONY OF _____, TAKEN ON _____.    THIS DEPOSITION WAS TAKEN SUBJECT TO A PROTECTIVE ORDER ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT.  THESE PAGES SHALL REMAIN UNDER SEAL UNTIL FURTHER ORDER OF THE COURT.

Such officer shall provide deposition transcripts, and any copies thereof, only to counsel appearing for the parties in this action and to no other persons.

(e)    No deposition or court transcript (or copies thereof) designated as "Confidential" and no deposition or courtroom exhibit designated as "Confidential" shall be provided to any person or entity except those persons identified in paragraphs 1 of this Agreement.

## MISCELLANEOUS

7.   Any and all "Confidential" information received in this action shall be used solely for the purpose of litigating this proceeding, any appeal of this proceeding, and for no other purpose whatsoever.

8.   All information disclosed in the litigation shall be maintained in a secure facility, with all reasonable measures being taken by the party with custody of such information to ensure the confidentiality of such information in accordance with the terms of this Stipulated Protective Order.

9.   The parties shall jointly seek the Court's approval of this Stipulated Protective order, and when it is approved it shall have the force of a Protective Order pursuant to Fed. R. Civ. P. 26(c). Pending such approval, the parties and their counsel agree to be bound by the Stipulated Protective order as if it had been approved and entered by the Court. All persons governed by this Stipulated Order, by reviewing documents disclosed in this case, shall agree to the Court's jurisdiction over their persons for the purpose of any proceeding to enforce the terms of this Stipulated Order or punish its violation.

10.  At the time that any person who received any document containing "Confidential" information in accordance with this Order concludes participation in this action, such person shall return to counsel all copies of documents or portions thereof containing "Confidential" information that are in the possession of such person, together with all notes, memoranda or other papers containing any such confidential information. At the conclusion of this action, each party shall return documents containing "Confidential" information received in this action to the producing party or third party unless the parties mutually agree to alternative arrangements including, but not limited to, certification of destruction of the documents, consistent with applicable law.

11.   Nothing in this Stipulated Protective Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the right of any named party or third party to assert any applicable discovery or trial privilege.

12.   The handling of "Confidential" information at trial shall be addressed at the final pretrial conference or such other time before trial as the Court may direct.  The signing of this stipulation is without prejudice to either parties position regarding the use of "Confidential" information at trial.

13.   The Stipulated Protective Order may be modified only by a written agreement of the parties which is approved by the Court, or by the Court upon motion.


Dated at Stamford Connecticut, this *15th* day of December 2004.

THE DEFENDANTS

By _____
A. Robert Fischer
Federal Bar No. CT 01295
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, CT 06904-0251
Tel (203) 961-0404
Fax: (203) 324-4704
fischera@jacksonlewis.com

THE PLAINTIFF, BRIAN CLARK

By _____
Kathryn Emmett
Federal Bar No. CT05605
EMMETT & GLANDER
45 Franklin Street
Stamford, CT  06901
Tel (203) 324-7744
Fax: (203) 969-1319
kemmett@emmettglander.com