## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN CLARK,<br><br>                  Plaintiff,<br><br>   -against-<br><br>VERMONT PURE HOLDINGS, LTD.,<br>CRYSTAL ROCK SPRING WATER<br>COMPANY, CRYSTAL ROCK LONG<br>TERM DISABILITY PLAN, and<br>CRYSTAL ROCK SEVERANCE<br>PLAN,<br><br>               Defendants. | Civ. No: 3:02CV2278 (MRK)<br><br><br><br><br><br>January 26, 2005 |

## PRIVILEGE LOG

In pertinent part, Local Rule 37(a)1 states that "[t]his Rule requires preparation of a privilege log with respect to all documents withheld on the basis of a claim of privilege or work product protection except the following: written communications between a party and its trial counsel after commencement of the action and the work product material created after commencement of the action." Given the requirement that plaintiffs must file discrimination charges with federal or state administrative agencies before they file a lawsuit under the Americans With Disabilities Act and/or the Age Discrimination in Employment Act, counsel for defendants interpret Local Rule 37(a)1 as not requiring the preparation of a privilege log for documents withheld based on privilege or work product protection if they were created by counsel after, and in response to, administrative agency charges and/or lawsuits filed.

Plaintiff, Brian Clark ("Clark") has requested production of the contents of Attorney Melanie Miller's ("Attorney Miller") file. Given the above, the documents from that file that defendants are currently withholding based on privilege or work product protection and required to be identified in the privilege log referenced in Fed. R. Civ. P. 26 and D. Conn. Local Rule 37(a)1 are as follows:

1.    A copy of a letter dated September 25, 2002 from Attorney Miller to Executive Risk Management Associates describing Clark's potential claims. Copies of the letter were sent by facsimile to Tim Fallon and Peter Baker.

2.    E-mail correspondence dated September 10 and September 11, 2002 between Attorney Miller, Peter Baker, and/or Tim Fallon concerning the response to Clark's claims. Attorney Kevin Berry ("Attorney Berry") was copied on the e-mails.

3.    September 10 and 11, 2002 drafts of a letter from Attorney Miller to Attorney Kathryn Emmett, which were sent to Tim Fallon and Peter Baker for review. Attorney Berry was sent copies of the drafts by e-mail.

4.    A handwritten memo from Dave Jurasek to Attorney Miller which is stamped as being received on August 19, 2002 listing documents which were sent to Attorney Miller.

5.    Attorney Miller's handwritten notes dated August 26, 2002 concerning her conference with Attorney Berry.

6.    Portions of Attorney Miller's handwritten notes dated August 27, 2002 concerning discontinuation of the Crystal Rock long term disability plan.

7.    Attorney Miller's handwritten notes dated August 27, 2002 concerning research on ERISA issues.

8.     Attorney Miller's handwritten notes dated "September 27" regarding her telephone conversations with a Chubb representative and with Attorney Mike Soltis of Jackson Lewis LLP.

Respectfully Submitted

THE DEFENDANTS

By _____
        Daniel Green, Esq. (CT 08746)
        JACKSON LEWIS LLP
        177 Broad Street
        P.O. Box 251
        Stamford, CT 06904-0251
        Phone:  (203) 961-0404
        Facsimile:  (203) 324-4704
        Email: greend@jacksonlewis.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served by hand delivery this 26th day of January, 2005 on:

Kathryn Emmett
Emmett & Glander
45 Franklin Street
Stamford, CT 06901

_____
Daniel Green