UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN CLARK,<br><br>                Plaintiff,<br><br>-against-<br><br>VERMONT PURE HOLDINGS, LTD., CRYSTAL ROCK SPRING WATER COMPANY, CRYSTAL ROCK LONG TERM DISABILITY PLAN and CRYSTAL ROCK SEVERANCE PLAN,<br><br>                Defendants. | Civ. No: 3:02CV2278 (MRK)<br><br><br><br>May 10, 2005 |

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW

Defendants, Vermont Pure Holdings, LTD., Crystal Rock Spring Water Company, Crystal Rock Long Term Disability Plan, and Crystal Rock Severance Plan, in accordance with the Court's order dated May 4, 2005, submit this supplemental memorandum of law in support of Defendants' renewed motion for summary judgment.

Plaintiff Brian Clark's ("Clark") breach of fiduciary duty and estoppel claims are addressed on pages 25-27 and 35-36 of Defendants' February 16, 2005 memorandum. On the breach of fiduciary duty claim, whether Defendants reserved the right to terminate the LTD plan, whether Clark was notified that the plan could be terminated, and whether Clark had a vested right to coverage are all relevant issues. On Clark's estoppel claim, whether Defendants promised to permanently maintain the LTD plan, whether Clark relied on such a promise, and whether Defendants acted in bad faith by concealing or failing to disclose the termination of the plan are relevant issues.

Defendants' LTD coverage was insured by Mutual Benefit Life Insurance Company ("Mutual Benefit") from 1985 until 1991, when replacement coverage was provided by Paul Revere Life Insurance Company ("Paul Revere"). (Loftus aff., F., 51, 52, 66.) There is no evidence that Defendants represented that they would not terminate the LTD plan. As discussed on pages 25-27 of Defendants' February 16, 2005 memorandum, the Paul Revere policy documents provided that Defendants could terminate the LTD coverage. The Mutual Benefit policy had similar provisions allowing termination. (Miller aff., F., 69.) There is no evidence that Defendants failed to reserve the right to terminate the LTD plan, or represented that the plan could not be terminated. There is no evidence that Clark had any right to have permanent LTD coverage maintained on his behalf. Summary judgment should enter in favor of Defendants on Clark's breach of fiduciary duty claim.

With regard to Clark's estoppel claim, there is no evidence that Defendants promised Clark that the LTD plan would be permanently maintained. Both the Paul Revere and Mutual Benefit coverage documents stated that the policies could be terminated. (Loftus aff., F. 54, 55; Miller aff., F. 69.) Clark received relevant coverage documents (Clark dep., F. 50) and he cannot claim he relied on any promise by Defendants to maintain coverage. Finally, the fact that both the Paul Revere and Mutual Benefit documents stated the policies could be terminated negates any inference that Defendants actively concealed their intention to terminate the coverage or were guilty of bad faith. Clark cannot demonstrate the extraordinary circumstances which are required to support his estoppel claim Schonholz v. Long Island Jewish Med. Ctr., 87 F. 3d 72, 78

(2d Cir.), cert. denied, 519 U.S. 1008 (1996), and summary judgment should enter in favor of Defendants on Clark's Third Claim for Relief.

Respectfully submitted,

DEFENDANTS, VERMONT PURE HOLDINGS, LTD., CRYSTAL ROCK SPRING WATER COMPANY, CRYSTAL ROCK LONG TERM DISABILITY PLAN, and CRYSTAL ROCK SEVERANCE PLAN

By _____
A. Robert Fischer
CT 01295
Fischera@JacksonLewis.com
Daniel Green
CT 08746
Greend@JacksonLewis.com
Robert R. Perry
CT 22698
Perryr@JacksonLewis.com
**JACKSON LEWIS LLP**
177 Broad Street
P.O. Box 251
Stamford, CT 06904-0251
Phone: (203) 961-0404
Facsimile: (203) 324-4704
THEIR ATTORNEYS

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed this date, postage prepaid, to: Kathryn Emmett, Esq., Emmett & Glander, 45 Franklin Street, Stamford, CT 06901.

_____
A. Robert Fischer