IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
BRIAN CLARK,                                       :     CIVIL ACTION NO.
   Plaintiff,                                       :     3:02 CV 2278 (MRK)
                                                             :
v.                                                           :
                                                             :
VERMONT PURE HOLDINGS, LTD., ET AL.  :
   Defendants.                                    :
---------------------------------------------------------x     JUNE 22, 2005

**MOTION FOR EXTENSION OF TIME**

Pursuant to Rule 7(b) of the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut, plaintiff respectfully requests that the Court grant plaintiff a 9 day extension of time within which to file his opposition to Defendants' Motion for Summary Judgment from June 22, 2005 up to and including July 1, 2005 due to unanticipated professional obligations that arose after plaintiff's prior extension motion which have and will require immediate and time-consuming attention.[1] In particular, undersigned counsel was notified, after requesting the prior extension to June 22nd, that she was scheduled to appear for trial in one matter, pending in the Bridgeport Housing Court, on June 15, 2005 and to present argument in another matter before the Second Circuit Court of Appeals on June 22, 2005, the same day

---

[1] In granting plaintiff's first motion for extension of this deadline, the Court noted that "plaintiff should not anticipate any further extensions." Plaintiff is making this motion because major unanticipated professional obligations have substantially interfered with counsels' ability to complete plaintiff's opposition memorandum. Undersigned counsel, therefore, respectfully requests the court's leniency in regard to plaintiff's counsels' need for additional time to complete the opposition memorandum.

plaintiff's opposition memorandum is currently due. This is plaintiff's second request for an extension of this deadline.[2]

In support of this request, undersigned counsel represents that plaintiff's counsel have been working diligently to complete plaintiff's memorandum by June 22nd and have made substantial progress, but require 9 additional days to finalize the memorandum due, as stated, to unanticipated time-consuming conflicts that require counsel's immediate attention including: 1) preparation for and argument before the Second Circuit Court of Appeals in two consolidated declaratory judgment actions concerning insurance coverage on behalf of defendants-appellants Jane Doe, Mary Roe and Holly Allen in Northfield Insurance Company v. Derma Clinic, Inc., 04-2056-cv (L) and Northfield Insurance Company v. Derma Clinic, Inc., 04-2057-cv (CON), scheduled for the same date plaintiff's brief is currently due, June 22, 2005; 2) preparation for trial in Kane Realty LLC v. Goss, BRSP055613 pending in the Bridgeport Housing Court which was scheduled to commence on June 15, 2005 and has been rescheduled to June 27, 2005 (pro bono representation at the initial request of the Honorable U.S. Magistrate Judge William I. Garfinkel in a complex action involving fair housing and disability discrimination claims); and 3) preparation and filing of a lawsuit on behalf of the plaintiff and all others similarly situated in Robinson v. Sheet Metal Workers' National Pension Fund, Plan A, et al., 3:05 cv 00917 (MRK) seeking to enjoin the defendants from terminating the plaintiffs' disability pension benefits and/or to recover pension benefits due them under the terms of the plan.

In addition, counsel request additional time in order to shorten plaintiff's opposition memorandum which, although not yet complete, currently substantially exceeds the page

---

[2] Defendants' prior motion for summary judgment was withdrawn without prejudice and refiled with a supplemental memorandum and affidavit on May 11, 2005.

limitation set forth in the Local Rules of Civil Procedure. The additional time is needed in order to more clearly and succinctly present the complex legal claims, extensive factual record and plaintiff's response to the numerous arguments raised by defendants in support of summary judgment.

    Finally, undersigned counsel represents that this matter is scheduled for private mediation on August 30 and 31, 2005, and it is not anticipated that the requested extension will delay or interfere with the resolution, by settlement or trial, of this case.

    Attorney Daniel Green, who represents the defendants in this action, does not object to plaintiff's request. This action has not been assigned for trial.

    THE PLAINTIFF, BRIAN CLARK


BY:_____
    Kathryn Emmett
    Federal Bar No. ct05605
    Christine Caulfield
    Federal Bar No. ct19115
    EMMETT & GLANDER
    45 Franklin Street
    Stamford, CT  06901
    (203) 324-7744
    kemmett@emmettandglander.com
    ccaulfield@emmettandglander.com

# CERTIFICATION

      This is to certify that a copy of the foregoing was mailed, postage prepaid, this 22nd day of June, 2005, to:

Daniel Green, Esq.
A. Robert Fischer, Esq.
**Jackson Lewis LLP**
177 Broad Street, 8th Floor, P.O. Box 251
Stamford, CT 06904-0251

 

_____
KATHRYN EMMETT