## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| BRIAN CLARK, | x | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02 CV 2278 (MRK) |
| | : | |
| v. | : | |
| | : | |
| VERMONT PURE HOLDINGS, LTD., ET AL. | : | |
| Defendants. | : | |
| | x | JULY 1, 2005 |

## MOTION FOR PERMISSION TO FILE OVERSIZED BRIEF

Pursuant to Local Rule 7(a), plaintiff respectfully requests permission to file an oversized memorandum of 69 pages in opposition to defendants' Renewed Motion for Summary Judgment dated May 10, 2005.

In support of this request, undersigned counsel states that the additional pages are required so that he can clearly present plaintiff's opposition to defendant's motion. Defendants move for summary judgment on plaintiff's federal and state law discrimination and retaliation claims on the grounds that: 1) the evidence of adverse treatment is not sufficiently severe or pervasive to constitute a hostile work environment; 2) the adverse treatment about which plaintiff complains was not directed at him because of his disability or age; 3) plaintiff cannot establish a prima facie case of discrimination and, even if he could, defendants terminated plaintiff's employment for a legitimate business reason and there is no evidence to support that that reason is pretextual; and 5) plaintiff was not engaged in "protected activity" when he made claims of discriminatory treatment by management. Defendants also move for summary judgment on each of the claims plaintiff is pursuing under the Employee Retirement Income Security Act [ERISA], 29 U.S.C. § 1001 *et seq.*, arguing that: 1) plaintiff's claim for wrongful termination [Fourth Count] fails because there is no evidence to support that he was discharged in order to avoid his obtainment of benefits or coverage under the LTD plan; 2); plaintiff's claim for breach of fiduciary duties [First Count] fails as a matter of law because a) Crystal Rock was free to terminate its LTD plan because it reserved the right to do so under the terms of the plan, b) even if Crystal Rock did not reserve the right to terminate the plan, it was free to do so because plaintiff's benefits were not vested, and c) plaintiff has not suffered any damages as a result of defendants' failure to notify him about the

termination of the plan because he was and is not "disabled" under the terms of the plan thereby entitling him to benefits; and 3) plaintiff's claim based on defendants' refusal to provide him plan documents [Sixth Count] fails because plaintiff knew the LTD plan had been terminated for two years before he requested plan-related documents and his sole reason for requesting the documents was to prepare for the instant case. Defendants argue, furthermore, that the remedies plaintiff's seeks in connection with his claims for wrongful termination [Fourth Count] and breach of fiduciary duties [First Count] do not constitute "appropriate equitable relief" under ERISA. Finally, defendants argue that defendant Vermont Pure Holdings, Ltd., is entitled to summary judgment on plaintiff's claims for breach of fiduciary duties [First Count] and failure to provide documents [Sixth Count] on the basis that it was not a fiduciary or administrator under the LTD plan and "[a]ll of the alleged conduct supporting these claims occurred prior to the merger." Therefore, the brief requires extensive legal support.

In addition, the case involves a complicated factual background. Defendant filed an 70-paragraph Local Rule 56(a)(1) Statement and supplemental statement in this case. Defendants, in fact, leave out many material facts and many facts are in dispute. Therefore, the brief requires a detailed explanation of the factual support for plaintiff's claims and citations to the record.

Undersigned counsel has attempted to reduce the length of the memorandum, but has not succeeded in meeting the applicable page limitation. Therefore, plaintiff respectfully requests permission to file an oversized memorandum with the Court. Counsel attempted to contact Attorney Robert Fischer, who represents defendants in this action, to ascertain whether defendants object to this motion, but was not able to reach him as of this time.

2

THE PLAINTIFF, BRIAN CLARK

BY: _____

Kathryn Emmett
Federal Bar No. ct05605
Christine Caulfield
Federal Bar No. ct19115
EMMETT & GLANDER
45 Franklin Street
Stamford, CT 06901
(203) 324-7744
kemmett@emmettandglander.com
ccaulfield@emmettandglander.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 1st day of July, 2005, to:

A. Robert Fischer, Esq.
**Jackson Lewis LLP**
177 Broad Street, 8th Floor, P.O. Box 251
Stamford, CT 06904-0251

_____
KATHRYN EMMETT

3