because management had not acknowledged or addressed his claims of discrimination in any way); Ex. 25. Plaintiff responded that he would not retract his claims because he believed he was being discriminated against on the basis of his disability and/or age, and Baker simply responded "[t]hen we're done." Ex. 1 (B. Clark) at 228-229. Plaintiff does not dispute that his employment was then terminated in accordance with Crystal Rock's letter, effective September 30, 2002.

    46.    Plaintiff does not dispute that, following a settlement conference in this case, defendants offered him a position in the company's customer retention department in Waterbury, Connecticut in a transparent attempt to limit its damage exposure, but disputes any suggestion that defendants' offered plaintiff two different positions. See Ex.27; Ex. 28; KE Aff., ¶ 1. Plaintiff also does not dispute that he rejected defendants' "offer" because the job offer was for a lesser position and at lower pay than the one he held when his employment was terminated and would have required plaintiff to move back to Connecticut and risk the total loss of the investment he had made in the luncheonette. See Ex. 1 (B. Clark) at 125-27; Ex. 29. In addition, defendants' offer did not address in any way plaintiff's concerns that he was being discriminated against and called for him to report to his prior supervisor, Peter Baker, about whom he had complained and did not offer to reinstate plaintiff's LTD insurance coverage. See id.

    47.    Plaintiff does not dispute the facts set forth in Paragraph 47.

    48.    Plaintiff does not dispute that those are the terms of the LTD Plan adopted by Crystal Rock as set forth in the company's announcement of the Plan [Ex. 32], but disputes any suggestion that the cited insurance policy constitutes the Plan and refers to his Memorandum, Section III.D..

    49.    Plaintiff does not dispute the facts set forth in Paragraph 49 and states further that he runs the restaurant together with his wife, Sally Clark. See Ex. 1 (B. Clark) at 118-19.

50.   Plaintiff does not dispute that he received a copy of Exhibit 32 announcing the LTD Plan and that he *may* have received one or more documents relating to policies insuring the Plan [see Ex. 1 (B. Clark) at 238-41], but disputes any suggestion that policy-related documents constitute the Plan and refers to his response to Paragraph 48. Plaintiff states further that by letter from counsel dated September 6, 2002 [Ex. 23] and during discovery in this case, he requested but defendants have not produced and Crystal Rock management testified at deposition that they are not aware of any summary plan description or documents other than the April 1985 announcement that existed reflecting the terms of the Plan at the time it was adopted. See Ex. 1 (H. Baker) at 59, 61; Ex. 3 (P. Baker) at 80 (stating that he has "no idea" concerning what, if any, communications were made to employees about the Plan other than the April 1985 announcement and does not recall whether there was any summary plan description created or provided to employees).

51.   Plaintiff does not dispute that the facts set forth in the third sentence of Paragraph 51 and states further that the LTD Plan adopted by Crystal Rock in 1985 was fully insured by a Mutual Benefit Life Insurance Company policy from 1985 to 1991, when the Mutual Benefit policy was terminated and replaced by a Paul Revere Life Insurance Company policy. See Affidavit of Sharon Miller dated April 6, 2005 [Miller Aff.], submitted in conjunction with Def.Supp.Mem., ¶ 5; Affidavit of Timothy Loftus dated February 10, 2005 [Loftus Aff.], submitted in conjunction with Def.Mem., ¶ 5; Ex. 37. Plaintiff also does not dispute, therefore, that *at times* "all of the benefits under the plan were provided through the purchase of a group insurance policy." See id. Plaintiff disputes, however, that the benefits provided under the Plan were always provided through the purchase of a group insurance policy and/or the suggestion that the LTD Plan was always "fully insured" through a commercial policy and states that defendants do not cite to any evidence to support this claim. Rather, the Plan was commercially insured from 1985 to July

21

31, 2000, when Crystal Rock terminated the Paul Revere policy then insuring the Plan without terminating the Plan and, thus, the Plan became self-insured as of that time and continued to be self-insured until the Fall of 2004 when a new LTD policy was purchased by the company. See Pl.Mem., Section III.D.. See also Ex. 38; Ex. 2 (H. Baker) at 68.

52. Plaintiff does not dispute the facts set forth in Paragraph 52.

53. Plaintiff disputes the facts set forth in Paragraph 53 and states that the terms of the Paul Revere policy were set forth in the referenced documents, but that the terms of the LTD Plan were and are set forth in the LTD Plan announcement, the only document produced by defendants that was in existence at the time the LTD Plan was adopted and distributed to employees in order to describe to them the terms of the Plan. See Pl.Mem., Section III.D. and response to Paragraph 50.

54. Plaintiff does not dispute the facts set forth in Paragraph 54, but disputes any suggestion that the policy termination provisions apply to the LTD Plan and states that the quoted provisions refer to the company's ability to terminate the contract of insurance (rather than the LTD Plan promising benefits to employees) only and refers to his Memorandum, Section III.D..

55. Plaintiff disputes that policy provides that the LTD Plan coverage terminates upon the stated events; rather, the referenced provisions explicitly provide for termination of the insurance coverage *only* upon the stated events. See Pl.Mem., Section III.D..

56. Plaintiff does not dispute the facts set forth in the first sentence of Paragraph 56. Plaintiff disputes the remainder of the facts set forth in Paragraph 56 to the extent that they incorrectly assume that the policy providing insurance coverage for the LTD benefits Crystal Rock promised to its employees constitutes "LTD Plan" and disputes any suggestion that Crystal Rock had adopted or mistakenly believed that the LTD Plan that they had adopted in 1985 provided benefits to management

only. See Pl.Mem., Section III.D.. Rather, according to Peter Baker, management decided to cancel the LTD insurance covering the *officers of the company only* because a fund was allocated as part of the merger to allow officers to purchase individual LTD coverage. See Ex. 3 (P. Baker) at 85-87. According to Baker, Michael Dunn, who was charged with the responsibility of communicating with the LTD insurance carrier, misunderstood management's direction and, by mistake, canceled the LTD insurance policy covering the employees as well as the policy covering the officers. See id. at 85-87, 89. Dave Jurasek, the company's Controller, testified that he, not Dunn, made the mistake because he instructed Dunn to cancel the company's LTD policy under the mistaken belief that the policy covered the officers and Controller of the company only. See Ex. 9 (Jurasek) at 97, 88-104, 113.[6]

57. Plaintiff disputes the facts set forth in Paragraph 57, once again, to the extent that they confuse the LTD Plan with the policy providing insurance coverage for the benefits promised under the Plan and refers to his response to Paragraph 48. Plaintiff disputes that the company terminated the LTD Plan promising LTD benefits to the Crystal Rock employees. See Ex. 3 (P. Baker) at 86-87, 89.[7]

---

[6] Dunn, who no longer works for the company, testified at deposition that he was aware, when he canceled the LTD insurance, that the policy covered both the officers and the employees. See Ex. 6 (Dunn) at 39-40. He also testified that, to his recollection, "there wasn't a similar policy with Vermont Pure, and that was a leveling of the benefits or an equaling of the benefits between the two companies as far as the potential merger." Id. at 36.

[7] Defendants cite Paragraph 12 of Timothy Loftus' Affidavit as the basis for their claim that defendants terminated the LTD *Plan*, as well as the LTD insurance policy. This paragraph of Loftus' affidavit is not based on the affiant's personal knowledge and has no factual support. See Loftus Aff., ¶ 12. As Loftus testified in his deposition, his sole basis for stating that the *Plan* was terminated was Dunn's letter to UNUM terminating the *insurance policy*. See Ex. 10 (Loftus) at 35-36, Ex. 36. The fact that Crystal Rock terminated its LTD insurance coverage does not mean that it terminated its LTD Plan. See Ex. 10 (Loftus) at 14-15, 41-44 (disability benefits director at UNUM Provident testifying that a LTD plan is distinguishable from a LTD policy in that a company may adopt a plan and then insure it through one or more policies and/or self-insure the plan and, therefore, that an insurance policy may be terminated without affecting an employee's entitlement to benefits under an employee benefit plan).

Plaintiff does not dispute that the Paul Revere policy was "terminated in accordance with the Policy provisions" and that "Crystal Rock advised UnumProvident Corporation" that the LTD *policy* "would be terminated, and the insurance coverage under the Policy ended, both effective July 31, 2000." See Ex. 36. Plaintiff disputes any suggestion, however, that management made a decision to terminate the LTD insurance coverage for the benefit of employees and refers to his response to Paragraph 56.

58.     Plaintiff disputes the facts set forth in the first sentence of Paragraph 58, once again, to the extent that they confuse the LTD Plan with the policy providing insurance coverage for the benefits promised under the Plan and refers to his response to Paragraph 48. Plaintiff does not dispute that he became aware in July 2000 that the company had terminated the Paul Revere policy providing insurance coverage for the benefits promised under the Plan. Plaintiff does not dispute the facts set forth in the second sentence.

59.     Plaintiff disputes the facts set forth in Paragraph 59, once again, to the extent that they confuse the LTD Plan with the policy providing insurance coverage for the benefits promised under the Plan and refers to his response to Paragraph 48. Plaintiff does not dispute that Michael Dunn testified that he was not instructed to conceal the termination of the Paul Revere LTD insurance *policy* from employees. Plaintiff states further that Dunn testified at deposition that he does not recall whether any notice was given to the employees about the termination of the policy and that, normally, it would have been Peter Baker's responsibility (not his) to communicate such information to the employees. See Ex. 6 (Dunn) at 39-40.

60.     Plaintiff disputes the facts set forth in Paragraph 60, once again, to the extent that they confuse the LTD Plan with the policy providing insurance coverage for the benefits promised under the Plan and refers to his response to Paragraph 48. Plaintiff does not dispute that David Jurasek believed

24

the Paul Revere LTD insurance policy that he told Dunn to terminate covered the officers and Controller of the company only and that Crystal Rock did not notify non-management employees of the termination of the policy and again refers to his response to Paragraph 56.

      61.    Plaintiff does not dispute the facts set forth in Paragraph 61.

      62.    Plaintiff does not dispute that "the LTD Plan had no conversion rights," but disputes the facts set forth in Paragraph 62 to the extent that they confuse the LTD Plan with the policy providing insurance coverage for the benefits promised under the Plan and refers to his response to Paragraph 48. Plaintiff states further that the LTD insurance policy issued by Mutual Benefit in 1985 and, thus, the original policy providing benefits to employees following the announcement of the company's LTD Plan, contained conversion rights which seemingly would have allowed a participant to convert to private LTD insurance coverage upon termination of the group policy *even if* the participant had a disabling disease while the replacement policy issued by Paul Revere in 1991 did not contain any such conversion rights. See Mutual Benefits Schedule of Insurance attached to Miller Aff., Bates #PRLMS00346; Ex. 10 (Loftus) at 23-28 (testifying that while original Mutual Benefit policy had conversion rights, the Paul Revere policy did not even though Crystal Rock's application for Paul Revere benefits was for replacement coverage and did not indicate that any change was to be made to the existing coverage). See also Ex. 35; Affidavit of Timothy Loftus, ¶13.

      63-65.    Plaintiff does not address the facts set forth by defendants in Paragraphs 63-65 because, as set forth in his Memorandum, n.1, plaintiff does not press his claim for failure to pay severance benefits.

      66.    Plaintiff does not dispute the facts set forth in Paragraph 66.

      67.    Plaintiff does not dispute the facts set forth in Paragraph 67.

68. Plaintiff does not dispute the facts set forth in Paragraph 68.

69. Plaintiff does not dispute the facts set forth in Paragraph 69.

70. Plaintiff does not dispute the facts set forth in Paragraph 70.

In addition to the above-referenced facts disputed by plaintiff, plaintiff states that the following facts are in dispute in this case, as set forth more fully in his Memorandum:

a. Whether defendants subjected plaintiff to adverse treatment because of his disability and/or age;

b. Whether plaintiff was engaged in "protected activity" in that he made good faith, reasonable claims of discrimination to defendants;

c. Whether defendants terminated plaintiff's employment in retaliation for engaging in protected activity;

d. Whether defendants had a legitimate business reason for terminating plaintiff's employment and/or whether defendants' proffered reason for terminating plaintiff's employment is false and a pretext for discrimination and/or retaliation;

e. Whether defendants terminated the LTD Plan;

f. Whether, assuming *arguendo*, that defendants terminated the LTD Plan, they breached their fiduciary duties by terminating the Plan;

g. Whether defendants terminated plaintiff's employment to prevent him from attaining coverage and/or benefits under the LTD Plan and/or to prevent him from asserting his rights under ERISA.

THE PLAINTIFF, BRIAN CLARK

BY: _____
Kathryn Emmett
Federal Bar No. ct05605
Christine Caulfield
Federal Bar No. ct19115
EMMETT & GLANDER
45 Franklin Street
Stamford, CT 06901
(203) 324-7744
kemmett@emmettandglander.com
ccaulfield@emmettandglander.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 1st day of July, 2005, to:

A. Robert Fischer, Esq.
**Jackson Lewis LLP**
177 Broad Street, 8th Floor, P.O. Box 251
Stamford, CT 06904-0251

_____
KATHRYN EMMETT

27