## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| BRIAN CLARK, | x | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02 CV 2278 (MRK) |
|  | : |  |
| v. | : |  |
|  | : |  |
| VERMONT PURE HOLDINGS, LTD., ET AL. | : |  |
| Defendants. | : |  |
|  | x | JULY 1, 2005 |

### AFFIDAVIT OF ATTORNEY KATHRYN EMMETT
### IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT

Kathryn Emmett, being duly sworn, deposes and says:

I am duly admitted to practice in the State of Connecticut and in this Court. I am counsel for the plaintiff Brian Clark in the above-captioned action. I am fully familiar with the facts of these proceedings and make this affidavit in support of Plaintiff's Opposition to Summary Judgment, including two volumes of documents, Volume One containing Exhibits 1-12 and Volume Two containing Exhibits 13-37.

1.    After a July 2003 settlement conference held in this case, I received an email correspondence from Attorney Robert Fischer, counsel for defendants, on or about July 22, 2003, setting forth the terms of an offer of employment from defendants to plaintiff. See Ex. 28. On or about August 8, 2003, I spoke with Attorney Daniel Green, also counsel for defendants, and he informed me that plaintiff should ignore the July 22, 2003 offer and that a more formal offer to plaintiff would be forthcoming. See Ex. 27.

2.    As set forth in plaintiff's Memorandum in Opposition to Summary Judgment, the August 2, 2002 letter that I sent to Peter Baker, as President of Crystal Rock, on behalf of plaintiff Brian Clark, incorrectly describes the circumstances leading to plaintiff's transfer to the Human Resources manager position in that plaintiff did not lose his position in sales before he transferred to HR but rather was advised by Mike Dunn that he should transfer to HR because his future in sales was in jeopardy. See Ex. 22. I first spoke with Attorney Melanie Miller, then counsel for defendants, concerning plaintiff's complaint and the contents of the letter on or about August 19, 2002. As soon as I learned that I had

incorrectly described the events that led to plaintiff's transfer to HR, I immediately informed Attorney Miller of my misunderstanding and the correction, on or about August 21, 2002.

3.      Attached to Volume One as Exhibit 1 are true and correct copies of excerpts from the deposition transcript of plaintiff Brian Clark taken on October 4, 2004 and continued on October 5, 2004.

4.      Attached to Volume One as Exhibit 2 are true and correct copies of excerpts from the deposition transcript of Henry Baker taken on October 18, 2004.

5.      Attached to Volume One as Exhibit 3 are true and correct copies of excerpts from the deposition transcript of Peter Baker taken on July 1, 2004.

6.      Attached to Volume One as Exhibit 4 are true and correct copies of excerpts from the deposition transcript of Kevin F. Berry, Esq. taken on January 28, 2005.

7.      Attached to Volume One as Exhibit 5 are true and correct copies of excerpts from the deposition transcript of Sally Clark taken on October 5, 2004.

8.      Attached to Volume One as Exhibit 6 are true and correct copies of excerpts from the deposition transcript of Michael Dunn taken on January 18, 2005.

9.      Attached to Volume One as Exhibit 7 are true and correct copies of excerpts from the deposition transcript of Timothy Fallon taken on September 30, 2004.

10.      Attached to Volume One as Exhibit 8 are true and correct copies of excerpts from the deposition transcript of Cheryl Gustafson taken on September 23, 2004.

11.      Attached to Volume One as Exhibit 9 are true and correct copies of excerpts from the deposition transcript of David Jurasek taken on October 13, 2004 and continued on October 18, 2004.

12.      Attached to Volume One as Exhibit 10 are true and correct copies of excerpts from the deposition transcript of Timothy Loftus taken on March 10, 2005.

13.      Attached to Volume One as Exhibit 11 are true and correct copies of excerpts from the deposition transcript of Melanie Miller, Esq. taken on January 10, 2005 and continued on January 28, 2005.

14.    Attached to Volume One as Exhibit 12 are true and correct copies of excerpts from the deposition transcript of Gene Monte taken on August 18, 2004.

15.    Attached to Volume Two as Exhibit 13 is a true and correct copy of a personnel document relating to plaintiff's employment at Crystal Rock, Bates numbered 306, and produced by defendants in connection with this action.

16.    Attached to Volume Two as Exhibit 14 is a true and correct copy of a personnel document relating to plaintiff's employment at Crystal Rock and, in particular, a 1997 performance evaluation prepared by Gene Monte, Bates numbered 477, and produced by defendants in connection with this action.

17.    Attached to Volume Two as Exhibit 15 is a true and correct copy of a defendant Vermont Pure Holdings, Inc. Employee Manual in effect after the October 2000 merger between Crystal Rock and up to and including the date of defendants' termination of plaintiff's employment, Bates numbered 718-41, and produced by defendants in connection with this matter.

18.    Attached to Volume Two as Exhibit 16 is a true and correct copy of a document prepared by plaintiff in 2001 and reflecting contemporaneous "talking points", Bates numbered 577, and produced by defendants in connection with this matter.

19.    Attached to Volume Two as Exhibit 17 is a true and correct copy of a personnel document relating to plaintiff's employment by defendants and reflecting compensation paid to plaintiff from 1999 to 2001, Bates numbered 463, and produced by defendants in connection with this action.

20.    Attached to Volume Two as Exhibit 18 is a true and correct copy of a document reflecting, *inter alia*, 2000 and 2001 bonuses paid to key management personnel employed by defendants, Bates numbered 629, and produced by defendants in connection with this action.

21.    Attached to Volume Two as Exhibit 19 is a true and correct copy of an analysis of a severance proposal for plaintiff and the cost of having Cheryl Gustafson rather than plaintiff in the HR manager position prepared by David Jurasek, Bates numbered 587, and produced by defendants in connection with this action.

22.    Attached to Volume Two as Exhibit 20 is a true and correct copy of email correspondence by and between David Jurasek and Peter Baker, Bates numbered 601, and produced by defendants in connection with this action.

23.    Attached to Volume Two as Exhibit 21 is a true and correct copy of a draft "Term Sheet" relating to plaintiff's consideration of purchasing a restaurant in Florida in or about June 2002, Bates numbered 533-34, and produced by defendants in connection with this action.

24.    Attached to Volume Two as Exhibit 22 is a true and correct copy of correspondence to Peter Baker, as President of Crystal Rock Water Company, from undersigned counsel on behalf of plaintiff Brian Clark, dated August 2, 2002, Bates numbered 169-71, and produced by defendants in connection with this action.

25.    Attached to Volume Two as Exhibit 23 is a true and correct copy of correspondence to Melanie Miller, Esq., then counsel for defendants, from undersigned counsel on behalf of plaintiff Brian Clark, dated September 6, 2002, Bates numbered 37, and produced by defendants in connection with this action.

26.    Attached to Volume Two as Exhibit 24 is a true and correct copy of correspondence to undersigned counsel from Melanie Miller, Esq., then counsel for defendants, dated September 19, 2002, Bates numbered 203-205, and produced by defendants in connection with this action.

27.    Attached to Volume Two as Exhibit 25 is a true and correct copy of a memorandum prepared by Peter Baker, dated September 24, 2002.

28.    Attached to Volume Two as Exhibit 26 is a true and correct copy of notes prepared by David Jurasek and Cheryl Gustafson following defendants' termination of plaintiff's employment, Bates numbered 584-86, and produced by defendants in connection with this action.

29.    Attached to Volume Two as Exhibit 27 is a true and correct copy of correspondence to plaintiff Brian Clark from Peter Baker, as President of Crystal Rock Spring Water Company, Inc., dated August 28, 2003, Bates numbered 306-7, and produced by plaintiff in connection with this action.

30.    Attached to Volume Two as Exhibit 28 is a true and correct copy of email

correspondence to undersigned counsel from Robert Fischer, Esq., counsel for defendants in this action, dated July 22, 2003.

31.     Attached to Volume Two as Exhibit 29 is a true and correct copy of correspondence to Peter Baker, as President of Crystal Rock Water Company from plaintiff Brian Clark, dated September 30, 2003, Bates numbered 297-98, and produced by defendants in connection with this action.

32.     Attached to Volume Two as Exhibit 30 is a true and correct copy of Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories, dated June 23, 2004.

33.     Attached to Volume Two as Exhibit 31 are true and correct copies of Plaintiff's Response to Defendants' Third Set of Interrogatories and Plaintiff's Response to Defendants' Second Set of Interrogatories, both dated January 7, 2005.

34.     Attached to Volume Two as Exhibit 32 is a true and correct copy of the April 1985 Long Term Disability Plan announcement by Crystal Rock, Bates numbered 465-66, and produced by defendants in connection with this action.

35.     Attached to Volume Two as Exhibit 33 are true and correct copies of correspondence from Larry Cass, Jr., on behalf of Pierson & Smith, Inc., to Peter Baker, dated July 25, 1991, and a Long Term Disability Proposal, Bates numbered 39 and 42, and produced by defendants in connection with this action.

36.     Attached to Volume Two as Exhibit 34 is a true and correct copy of a Paul Revere Life Insurance Company [Paul Revere] "Benefit Summary for Group Insurance" relating to a Long Term Disability insurance policy purchased by Crystal Rock, Bates numbered 1-36, and produced by defendants in connection with this action.

37.     Attached to Volume Two as Exhibit 35 is a true and correct copy of correspondence from Laura C. Zoldak, on behalf of Paul Revere, to Jos Van Kompen at Crystal Rock, dated October 25, 1991, and application for replacement insurance coverage, Bates numbered 45-47, and produced by defendants in connection with this action.

38.    Attached to Volume Two as Exhibit 36 is a true and correct copy of correspondence from Michael Dunn, on behalf of Crystal Rock, to Unum, dated June 28, 2000, Bates numbered 38, and produced by defendants in connection with this action.

39.    Attached to Volume Two as Exhibit 37 is a true and correct copy of facsimile correspondence from Paul Revere to David Jurasek, dated August 28, 2002, Bates numbered 220, and produced by defendants in connection with this action.

KATHRYN EMMETT

Subscribed and sworn to before me this 1st day of July, 2005.

Christine Caulfield
Commissioner of Superior Court

6

## **CERTIFICATION**

This is to certify that a copy of the foregoing, including Volumes One and Two, were mailed, postage prepaid, this 1st day of July, 2005, to:

A. Robert Fischer, Esq.
**Jackson Lewis LLP**
177 Broad Street, 8th Floor, P.O. Box 251
Stamford, CT 06904-0251

KATHRYN EMMETT