## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

------------------------------------x
BRIAN CLARK,                        :   CIVIL ACTION NO.
    Plaintiff,                      :   3:02 CV 2278 (MRK)
                                    :
v.                                  :
                                    :
VERMONT PURE HOLDINGS, LTD., ET AL. :
    Defendants.                     :   JULY 1, 2005
------------------------------------x

### AFFIDAVIT OF PLAINTIFF BRIAN CLARK

Brian Clark, being duly sworn, deposes and says:

1. I am the plaintiff in the captioned action.

2. When Crystal Rock was engaged in planning relating to the pending merger with Vermont Pure in 2000, I perceived that I was left out of the planning process unlike other younger key management personnel – in particular, David Jurasek, Tim Descoteaux, Dave Reckdenwald, and possibly Frank Lanteri. To the best of my knowledge, Descoteaux and Lanteri are both approximately 15 years younger than I.

3. My transfer from Sales Manager to Human Resources in 2000 did not constitute a promotion, and I did not receive a salary increase as a result of the transfer.

4. While employed at Crystal Rock I had work-related disagreements with Peter Baker on occasion and discussions with Baker that were, at times, emotional, but, to the best of my recollection, I did not at any time raise my voice to Baker. Baker raised his voice to me on at least one occasion, in or about August or September 2001, relating to the installation of new telephone service and in the presence of other coworkers.

5. In 2001, Peter Baker handed me a sheet in his handwriting reflecting the amounts of the bonuses to be paid to employees identified by Baker on the list as key managers. The list reflected that all the bonuses were the same or higher than they had been the year before except mine, which was cut in half, and Craig Kavanaugh's bonus which had been reduced but not to the same extent as mine. I attributed the fact that Kavanaugh's bonus had been reduced to the fact that during 2001, Kavanaugh, who had an arthritic condition in his hip,

had transferred out of his key manager position as Route Supervisor to the less valued position of Plant Manager.

6. After I learned that John Woerner would be leaving the company in or about December 2001, I offered to help in the sales department, but Peter Baker refused my offer.

7. After I learned that Karen Sargent would be leaving the company in or about June 2002, I offered to assist in the customer service department, but Peter Baker again refused my offer.

8. My wife and I decided to list our primary residence in Waterbury, Connecticut for sale in June 2002 for several reasons including that we were ready to downsize and wanted fewer maintenance responsibilities and I was unsure whether I would continue working at Crystal Rock under the circumstances and wanted less financial burden. We had alternate living arrangements in the area in the event our house sold and I continued to work at Crystal Rock – in particular, we owned a condominium in Waterbury, Connecticut and also had a neighbor who was willing to lease space to us on an immediate basis.

9. When Mike Dunn told me that the employees' LTD insurance coverage had been canceled, I assumed that meant that I no longer was covered by the company for LTD benefits.

10. As of this time, my wife and I continue to run a luncheonette business in Sarasota, Florida. While business is improving, the luncheonette has not yet begun to show a profit.

_____
Brian Clark

Subscribed and sworn to before me this 1st day of July, 2005.

_____
Notary Public
Commissioner of Superior Court

## CERTIFICATION

This is to certify that a copy of the foregoing, was mailed, postage prepaid, this 1st day of July, 2005, to:

A. Robert Fischer, Esq.
**Jackson Lewis LLP**
177 Broad Street, 8th Floor, P.O. Box 251
Stamford, CT 06904-0251

_____
KATHRYN EMMETT